|2SUSAN M. CHEHARDY, Judge.
This is a suit for personal injury resulting from two automobile accidents. The trial court rendered judgment in favor of the plaintiff. The defendant insurer appeals, seeking reduction of the general and special damage awards. We affirm.
The case involves two suits by Brandy Lee DiMaggio. The first suit, against Pamela D. Williams and others, arose out of an accident on December 22, 2000 (hereafter “Accident No. 1”). The second suit, against Theresa Aucoin and others, arose out of an accident on February 28, 2001 (hereafter “Accident No. 2”). Both accidents were rear-end collisions, in which the car driven by the plaintiff was struck from behind by the defendants’ cars. In each case, the plaintiff named her own uninsured/underinsured motorist (UM) insurer, State Farm Mutual Automobile Insurance Company, as an additional defendant.[1]
The tortfeasors and their insurers settled for their policy limits, and were dismissed with a reservation of the plaintiffs rights against others.[2] The suits were consolidated and went to trial against State Farm only, in its capacity as UM carrier.[3]
|sThe trial court dismissed the plaintiffs claims regarding Accident No. 1, finding that her damages did not exceed the primary policy limit. As to Accident No. 2, the court awarded the plaintiff $15,000.00 in general damages and $7,263.00 in special damages, subject to a credit of *1017 $10,000.00 for payments previously made to the plaintiff.
State Farm filed a motion for new trial, on the ground that the special damages award was incorrect, due to an overstatement on the account of one of the healthcare providers and because the trial court erroneously included charges for medical tests incurred for Accident No. 1 in the expenses awarded for Accident No. 2.
The court granted the motion for new trial and entered an amended judgment that reduced the special damages by $935.00, to $6,328.00. In all other respects the amended judgment was the same as the original judgment.
State Farm appeals, seeking reduction of both the special and general damages awards. It asserts that the plaintiffs cervical disk problems, for which she underwent surgery at a later date, were not caused by either of these accidents, but rather by a third accident that occurred in August 2001 (hereafter Accident No. 3). The appellant disputes the inclusion of bills for certain medical tests in the amount allocable for the February 2001 accident, and also contends the general damages award of $15,000.00 is excessive.
MOTION TO STRIKE
State Farm filed a motion to strike the brief of the plaintiff-appellee, on the ground that it contains a discussion of evidence that the plaintiff did not present at trial. State Farm requested that we strike the original brief and order the ap-pellee to submit a brief discussing only evidence that was properly admitted at trial.
hSpeeifieally, State Farm objects to the plaintiffs interpretation and analysis of a hand-written note contained on Dr. Adat-to’s medical record of February 26, 2001. The medical record itself is properly part of the record, but the interpretation of the note in the plaintiffs appellate brief was not part of the testimony at trial.
Accordingly, we grant the motion to strike, in part. We find it unnecessary to strike the entire brief, but instead we exercise our discretion and ignore any improper discussion of evidence in the brief. We have not relied on any such discussion in making our rulings in this appeal.
Award for Medical Tests
State Farm argues that the plaintiff failed to show that certain tests she claims to have received because of Accident No. 2 were not in fact results of Accident No. 1. Specifically, the defendant refers to a CT scan of the plaintiffs neck and an EMG/nerve conduction study ordered by Dr. Kenneth Adatto (the plaintiffs treating physician) two days before Accident No. 2 occurred. These two tests together cost $2,703.00, which the defendant asserts should be subtracted from the trial court’s amended medical expenses award of $6,328.00, so that the medical expenses award is reduced to $3,625.00. In support of the reduction, the defendant points out that the plaintiff has conceded on the record that these tests were ordered before Accident No. 2.
In opposition, the plaintiff asserts the trier of fact was within its discretion to attribute those diagnostic tests to Accident No. 2, although they were ordered two days before Accident No. 2, because they were performed six days after Accident No. 2. She points out that an MRI performed on February 19, 2001 (after Accident No. 1 and before Accident No. 2) was normal. Yet the CT scan of her cervical spine and EMG study performed on March 6, 2001 (less than a week after Accident No. 2) showed two bulging discs.
|RThus, the plaintiff argues, these tests are “undoubtedly much more closely related” to her condition following Accident No. *1018 2 than Accident No. 1 and should be attributed to Accident No. 2. The plaintiff also points out that Dr. Adatto testified that the medical charges from March 6, 2001 were attributable to Accident No. 2.
A plaintiff ordinarily may recover from the tortfeasor reasonable medical expenses, past and future, which he incurs as a result of an injury. Angelle v. Delery, 02-0644, p. 11 (La.App. 5 Cir. 11/26/02), 833 So.2d 469, 476.
Where there are two accidents, the damages must be apportioned if possible, although apportionment has some degree of arbitrariness inherent in the process.... Much deference is accorded the trier of fact on the question of causation .... The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the statéd reasons of the expert are patently unsound.
Hebert v. Hartford Ins. Co. of the Midwest, 94-316 (La.App. 3 Cir. 11/2/94), 649 So.2d 631, 635.
Much discretion is accorded the trier of fact in fixing damage awards. Because of this vast discretion, an appellate court should rarely disturb an award of damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-61 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
In this case the plaintiffs injuries were part of a continuum extending from Accident No. 1 through and past Accident No. 2. Although Dr. Adatto may have ordered the diagnostic tests in connection with his treatment of the plaintiff for Accident No. 1, the plaintiffs injuries were aggravated and worsened by Accident No. 2. It was unnecessary, however, for any additional CT scan or EMG test to be ordered, because the previously-ordered tests were not performed until after Accident No. 2. Those tests clearly showed protruding cervical disks that had not |fishown up on earlier tests. Accordingly, we find no abuse of the trial court’s discretion in attributing the expense of the tests to Accident No. 2.
Further, not only did Dr. Adatto testify that these expenses were attributable to Accident No. 2, but also the plaintiff included' these as part of the expenses arising from Accident No. 2, without challenge by State Farm. State Farm first raised this issue in its motion for new trial.
State Farm cites the recent case, of Volion v. Henry, 04-294 (La.App.10/26/04), 888 So.2d 265, in which this Court upheld the trial court’s determination that the plaintiff was not entitled to spread her medical expenses across two accidents, where she sought only chiropractic treatment after the first accident and did not seek any other medical treatment until after the second accident, and her diagnostic medical tests occurred after the second accident. We find Volion distinguishable on its facts, however, because in this case the issue is medical treatment received after the subsequent and intervening accident.
We find no abuse of discretion in the trial court’s awarding these expenses in connection with Accident No. 2.
General Damages
State Farm contends the plaintiffs general damages should be reduced. It argues the reduction is justified because the plaintiff represented her injuries in contradictory ways as between Accident No. 1, Accident No. 2, and Accident No. 3. Although the plaintiff was represented by counsel and filed suits for Accidents Nos. 1 and 2, for Accident No. 3 she negotiated *1019 her own settlement with State Farm.[4] In her claim for Accident No. 3, State Farm argues, the plaintiff asserted that Accident No. 3 had the greatest effect on her condition and she |7minimized the effects of Accidents Nos. 1 and 2. In contrast, at trial in this case the plaintiff claimed that the effects of Accident No. 2 were greater than they actually were.
Between Accident No. 2 and Accident No. 3, the plaintiff had five doctor visits in five months, four physical therapy sessions, and prescription drug costs of $14.00. State Farm argues that Accident No. 2 was, at most, a short-term aggravation of a pre-existing condition from Accident No. 1 and that these facts do not justify a general damages award of $15,000.00. State Farm seeks reduction of the general damages to $5,000.00 (in effect, $1,000.00 per month for the five-month period of treatment after Accident No. 2).[5]
In opposition, the plaintiff contends the award of $15,000.00 for two bulging discs caused by Accident No. 2 was not an abuse of discretion.
[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
Youn, 623 So.2d at 1260.
The initial inquiry is whether the award for the particular injuries and their effects under the particular cireum-stances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Id. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Id.
We find no clear abuse of the trier of fact’s discretion in the award of $15,000.00 general damages for Accident No. 2.
|sFor the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant.

AFFIRMED.

. The first suit is No. 04-CA-1415 in this Court, No. 574-359 in the district court. The second suit is No. 04-CA-1416 in this Court, No. 574-360 in the district court.

. The underlying limits were $25,000.00 for Accident No. 1 and $10,000.00 for Accident No. 2.

.State Farm wore multiple hats in the litigation, because it was liability insurer of some of the defendants as well as UM insurer of the plaintiff. The applicable limit of plaintiff’s UM coverage is $100,000.00.

. The plaintiff negotiated a settlement for the full $100,000.00 of UM coverage available for Accident No.3.

. Were such a reduction to occur, it would be within the $10,000.00 credit due to State Farm for the underlying policy limits and would reduce State Farm’s UM liability to zero.